**2022 UT App 135**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
BROCK ADAM PICKETT,
Appellant.

Opinion
No. 20200198-CA
Filed December 8, 2022

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 161901271

Emily Adams and Benjamin Miller, Attorneys
for Appellant

Sean D. Reyes and Jeffrey D. Mann, Attorneys
for Appellee

JUSTICE JILL M. POHLMAN authored this Opinion, in which JUDGE GREGORY K. ORME and JUSTICE DIANA HAGEN concurred.[1]

POHLMAN, Justice:

¶1 This is a companion case to and arises out of the same facts involved in *State v. Sadat Hebeishy*, 2022 UT App 134, and *State v. Tamer Hebeishy*, 2022 UT App 136, both of which also issue today.

---

1. Justices Jill M. Pohlman and Diana Hagen began their work on this case as members of the Utah Court of Appeals. They both became members of the Utah Supreme Court thereafter and completed their work on this case sitting by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 3-108(4).

In short,[2] Brock Adam Pickett was identified by law enforcement as a member of the Titanic Crip Society (TCS), a criminal street gang in Weber County, Utah. As part of its investigation of TCS, law enforcement received authorization from the district court to conduct wiretaps of mobile phones belonging to two of Pickett's gang associates—Tamer and Sadat Hebeishy. Based on evidence obtained from those wiretaps, the State charged Pickett with pattern of unlawful activity and aggravated assault, both with gang enhancements.

¶2 Before trial, Pickett filed a motion to suppress the evidence obtained through the wiretaps, arguing that the applications seeking the wiretap orders failed to meet the necessity requirement of section 77-23a-10(1)(c) of Utah's Interception of Communications Act (the Act).[3] *See generally* Utah Code Ann. §§ 77-23a-1 to -16 (LexisNexis 2017 & Supp. 2022). After briefing and oral argument, the district court denied the motion, concluding that law enforcement had satisfied the Act's necessity requirement. Pickett later entered a conditional guilty plea to one

---

2. A more fulsome description of the relevant facts and procedural history can be found in *State v. Sadat Hebeishy*, 2022 UT App 134.

3. The Act allows any "aggrieved person in any trial, hearing, or proceeding in or before any court" to move to suppress an unlawfully intercepted communication. *See* Utah Code Ann. § 77-23a-10(11)(a) (LexisNexis 2017). An "aggrieved person" is defined in the Act as "a person who was a party to any intercepted wire, electronic, or oral communication, or a person against whom the interception was directed." *Id.* § 77-23a-3(1). The State does not contest Pickett's standing to challenge the wiretaps on Tamer Hebeishy's and Sadat Hebeishy's mobile phones. Thus, we assume that Pickett is an "aggrieved person" under the Act for the purpose of both wiretaps.

count of aggravated assault, reserving his right to appeal the court's denial of his motion to suppress.

¶3     Pickett now appeals, arguing that the district court erred in concluding that the wiretap applications satisfied the Act's necessity requirement. This appeal presents materially identical facts and the same issue of law that were presented in *State v. Sadat Hebeishy*, 2022 UT App 134, with which this appeal was argued. For the reasons set forth in that opinion, we affirm.

————————